UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MICHAEL LEE WILSON,

        Petitioner,

        v.                                         Case No. 04-C-0119

STEVEN WATTERS,[1] Director,
Sand Ridge Secure Treatment Center,

        Respondent.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On February 3, 2004, petitioner, Michael Lee Wilson, petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. §2254. In an order dated April 22, 2004, this court directed the state to respond to Wilson's petition. The state filed its response[2] on May, 13, 2004. For the reasons discussed below, the court will deny Wilson's petition.

    **I.**        **Standard for Granting Habeas Relief**

A petition seeking a writ of habeas corpus may not be granted on any claim adjudicated on the merits in state court unless the decision "was contrary to, or involved an unreasonable application of, clearly established" United States Supreme Court precedent or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to"

---

[1] Because Wilson was in the custody of the Wisconsin Resource Center at the time of filing, the original respondent was Byran Bartow. However, since that time, Wilson has been moved to the Sand Ridge Secure Treatment Center, and therefore, the court has substituted the director of the institution currently housing Wilson, Steven Watters, as the respondent for these habeas proceedings.

[2] The State's response admits that Wilson has fully exhausted his state remedies and that he has timely filed his habeas petition, so the court will not address these issues in this decision.

Supreme Court precedent if (1) the state court's conclusion is opposite from that of the Supreme Court on a question of law, or (2) the state court's decision on materially indistinguishable facts was different from that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000).

A state court decision is an "unreasonable application" of Supreme Court precedent if the state court identified the correct governing legal principle but applied that principle to the facts of the case unreasonably. *Id.* at 407-09, 413. A federal court analyzing the "unreasonable application" prong "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Further, a state court's factual determinations are presumed correct and a petitioner must rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. Wilson Failed to Meet the Standard for Habeas Relief

On December 15, 1998, Wilson was adjudged a sexually violent person pursuant to Wis. Stat. 980.05 and committed to the custody of the Department of Health and Family Services to be housed in a secure mental health unit or facility pursuant to Wis. Stat. 980.065. Currently, he is committed to the custody of the Sand Ridge Secure Treatment Center in Mauston, Wisconsin.

In his petition, Wilson claims that he is in custody unlawfully in violation of the his federal right to due process of law. He argues that his custody is unlawful because it is based on the Wisconsin Supreme Court's decision in *In re Commitment of Laxton*, 2002 WI 82, 254 Wis.2d 185 (Wis. 2002), which he contends is contrary to and an unreasonable application of the clearly established United States Supreme Court precedent as announced

2

in *Kansas v. Crane*, 534 U.S. 407 (2002). Wilson contends that contrary to the holding in *Crane* (and pursuant to the holding in *In re Laxton*), the circuit court judge made no specific finding that he lacked either any emotional or volitional control over his sexually violent behavior.

Wilson presented this issue to the Wisconsin courts. The Wisconsin Court of Appeals affirmed Wilson's civil commitment. In an order summarily affirming Wilson's commitment and quoting from *In re Laxton*, the Wisconsin Court of Appeals stated that,

> Wilson also contends that WIS. STAT. ch. 980 violates due process because it permits an involuntary indefinite civil commitment without the constitutionally required separate finding that the person suffers from a mental disorder that makes it seriously difficult to control his dangerous behavior. We disagree. "Civil commitment under Wis. Stat. ch. 980 does not require a separate factual finding regarding the individual's serious difficulty in controlling behavior." *Id.* at ¶21. "Wisconsin ch. 980 satisfies this due process requirement because the statute requires a nexus between the mental disorder and the individual's dangerousness. Proof of this nexus necessarily and implicitly involves proof that the person's mental disorder involves serious difficulty for the person to control his or her behavior." *Id.* at ¶22. We conclude that the trial court properly rejected Wilson's constitutional challenge.

*State v. Wilson*, 02-2382, *2 (Wis. Ct. App. Feb. 19, 2003) (unpublished opinion). Wilson's petition for review by the Wisconsin Supreme Court was denied.

This court cannot say that the state appellate court's holding is contrary to Supreme Court precedent, nor does it constitute an unreasonable application of Supreme Court precedent within the meaning of *Williams v. Taylor*, 529 U.S. 362 (2000). Furthermore, this issue has already been presented to and decided by the Seventh Circuit Court of Appeals. *See Laxton v. Bartow*, 421 F.3d 565 (7th Cir. 2005).

After losing in state court, Laxton filed a habeas petition in the Eastern District of Wisconsin arguing that "the Wisconsin Supreme Court decision affirming his commitment was contrary to and an unreasonable application of *Hendricks* and *Crane* because it upheld his commitment without a specific jury instruction or finding that he had serious difficulty in controlling his behavior." *Id.* at 570. The Honorable William C. Griesbach denied the petition, but issued a certificate of appealability on this issue. *Id.* at 569. The Seventh Circuit concluded that because the Wisconsin Supreme Court identified *Hendricks* and *Crane* and the state courts had applied them appropriately, in *In re Laxton*, the decision was not contrary to Supreme Court precedent. *Id.* at 571.

Next, the Court of Appeals concluded that the decision was not an unreasonable application of Supreme Court precedent because the Wisconsin Supreme Court determined that Wis. Stat. ch. 980 and *Laxton's* commitment trial were consistent with *Hendricks* and *Crane*. *Id.* The Court of Appeals, quoting from *In re Laxton*, stated that the statute defines an individual as "dangerous *because* he or she suffers from a *mental disorder* that *makes it substantially probable that the person will engage in acts of sexual violence*." *Id.* (emphasis in original). Because of this definition, the Wisconsin Supreme Court reasoned that "the requisite proof of lack of control is established when the nexus between such person's mental disorder and dangerousness has been established." *Id.* (quoting *In re Laxton*, 254 Wis.2d at 189). Finally, the Wisconsin Supreme Court held that "the nexus between the mental disorder and level of dangerousness was 'sufficient to distinguish Laxton from a dangerous but typical recidivist... .'" *Id.* Therefore, the Court of Appeals held that the Wisconsin Supreme Court decision in *In re Laxton* was a reasonable application of Supreme Court precedent and

4

affirmed the district court's denial of Laxton's habeas petition.  Accordingly, this court holds that failure of the state courts to find that Wilson had serious inability to control behavior does not violate due process.  For these reasons,

>IT IS ORDERED that Wilson's petition for a writ of habeas corpus is DENIED.

>IT IS FURTHER ORDERED that this case is DISMISSED.

>Dated at Milwaukee, Wisconsin, this 28th day of February, 2007.

>>BY THE COURT
>>
>>s/ C. N. CLEVERT, JR.
>>
>>_____
>>C. N. CLEVERT, JR.
>>U. S. DISTRICT JUDGE